UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for THE RMAC TRUST, SERIES 2016-
CTT,

                 Plaintiff,

                              ,

      -against-

EUGENE McHUGH, TARA J. McHUGH,
STERLING BANCORP, as Successor to ASTORIA
FEDERAL SAVINGS & LOAN ASSOCIATION,
CLERK OF THE SUFFOLK COUNTY TRAFFIC
& PARKING VIOLATIONS AGENCY,

                 Defendants.
------------------------------------------------------------X

**REPORT AND
RECOMMMENDATION**
CV 18-0710 (JS) (GRB)

**GARY R. BROWN, United States Magistrate Judge:**

Plaintiff U.S. Bank Trust, N.A., as trustee for the RMAC Trust, Series 2016-CTT
("plaintiff") commenced this diversity action against defendants Eugene McHugh, Tara J.
McHugh, Sterling BankCorp, as successor to Astoria Federal Savings & Loan Association, and
Clerk of the Suffolk County Traffic & Parking Violations Agency (collectively "defendants"),
pursuant to Article 13 of the New York Real Property Actions and Proceeding Law, seeking to
foreclose a mortgage encumbering 28 Wavecrest Drive, Mastic Beach, New York (the
"Property"). Presently before the undersigned, upon referral from the Honorable Joanna Seybert,
is plaintiff's Motion for Default Judgment and Summary Judgment pursuant to Federal Rules of
Civil Procedure 55 and 56. DE 37. For the reasons set forth below, the undersigned respectfully
recommends that the motion for default judgment and summary judgment be denied and the
complaint be dismissed without prejudice for lack of subject matter jurisdiction.

**BACKGROUND**

This is an action to foreclose a mortgage loan.  Plaintiff U.S. Bank Trust, N.A. is a

national banking association with its principal executive office at 300 East Delaware Avenue, 8th

Floor, Wilmington DE 19809.  Compl. ¶ 2, DE 1.  Defendant Eugene McHugh is a citizen of

New York, and the owner of the Property.  *Id.* at ¶ 4.  Defendant Tara J. McHugh is a citizen of

New York, and the owner of the Property.  *Id.* at ¶ 5.

On January 17, 2007, defendants Eugene McHugh and Tara J. McHugh ("mortgagors")

obtained a mortgage loan from Somerset Investors Corp. in the original amount of $247,000,

which was memorialized in a note dated January 17, 2007 and secured by a mortgage on the

Property on the same date.  *Id.* at ¶¶ 13-14.  The mortgage was subsequently assigned to plaintiff.

*Id.* at ¶ 15.  The mortgagors defaulted on the mortgage loan by failing to make the payment due

on February 1, 2012 and all payments due thereafter.  *Id.* at ¶ 16.  Defendant Sterling Bancorp, as

successor by merger to Astoria Federal Savings & Loan Association, is a corporation formed

under the laws of Delaware with its principal place of business at 251 Little Falls Drive,

Wilmington, DE 19808, and the holder of a lien encumbering the Property, which is subject and

subordinate to plaintiff's mortgage.  *Id.* at ¶ 6.  Defendant Clerk of the Suffolk County Traffic &

Parking Violations Agency, is an agency formed under the laws of New York with its principal

place of business at 100 Veterans Memorial Highway, Hauppauge, NY 11788, and the holder of

a lien encumbering the Property, which is subject and subordinate to plaintiff's mortgage.  *Id.* at

¶ 7.

On February 1, 2018, plaintiff commenced this action against defendants by filing a

complaint, seeking under Article 13 of the New York State Real Property Actions and

Proceedings Law to foreclose on a mortgage encumbering the Property.  *Id.* at ¶ 1.

Plaintiff served the complaint on defendants. DE 8-9, 12-13. On March 14, 2018, counsel for defendant Suffolk County Traffic & Parking Violation Agency filed a Notice of Appearance and Demand for Surplus Funds. DE 11. Defendant Tara J. McHugh filed an Answer on May 2018. DE 20. Defendants Eugene McHugh and Sterling Bancorp failed to answer the complaint or otherwise appear in this action. On May 21, 2018, the Clerk of the Court entered a default against defendants Eugene McHugh and Sterling Bancorp (the "non-appearing defendants"). DE 21. On July 10, 2018, the undersigned held an initial conference with plaintiff and defendants Tara McHugh and the Suffolk County Traffic & Parking Violation Agency, and the parties agreed that any surplus funds would go to the County of Suffolk in satisfaction of a debt. Minute Entry Order, dated July 10. 2018. On November 21, 2018, plaintiff moved for summary judgment against defendant Tara J. McHugh, default judgment against the non-appearing defendants, and judgment of foreclosure and sale of the Property.[1] DE 37. Plaintiff also requests that the Court appoint a referee to oversee the sale of the Property and the disbursement of proceeds. Judge Seybert referred the motion to the undersigned on April 9, 2019. DE 42.

## DISCUSSION

### 1. Subject Matter Jurisdiction

The existence of subject matter jurisdiction is a fundamental predicate to judgment in the federal courts. *See Cave v. E. Meadow Union Free Sch. Dist.,* 514 F.3d 240, 250 (2d Cir. 2008). Federal courts have an independent obligation to ensure that subject matter jurisdiction exists, and may raise the issue *sua sponte. Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012); *see Transatlantic Marine Claims Agency,*

---

[1] By Status Report dated March 29, 2019, plaintiff informed the Court that a settlement between plaintiff and defendants Eugene McHugh and Tara J. McHugh had been finalized. DE 44.

*Inc. v. Ace Shipping Corp.,*109 F.3d 105, 107 (2d Cir. 1997) (holding a lack of subject matter jurisdiction cannot be waived and may be raised by motion or *sua sponte* at any time); *Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014).  If a federal court lacks subject matter jurisdiction, it must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

The statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332.  "Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. §§ 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. §§ 1332."  *Moore v. Angiuli & Gentile, LLP,* No. 12-CV-2966 (DLI) (LB), 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012) (citing *Arbaugh,* 546 U.S. at 513).  In the instant matter, plaintiff alleges solely diversity jurisdiction.

Under 28 U.S.C. § 1332, diversity jurisdiction exists where the action is among "citizens of different States," and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217-18 (2d Cir. 2016) ("Diversity jurisdiction under 28 U.S.C. § 1332 is proper only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State") (internal quotation marks and citation omitted); *Solfire Grp., LLC v. Solfire Enterprises, LLC*, No. 14-CV-3054 (MKB), 2016 WL 2596036, at *4 (E.D.N.Y. May 5, 2016) (same).  "Diversity is measured as of the time the action is brought, and thus a post-filing change of citizenship does not destroy jurisdiction."  *Melina,* 827 F.3d at 218.  The party seeking to assert diversity jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for

diversity exist "by a preponderance of the evidence." *White v. Abney,* No. 17-CV-4286 (MKB), 2019 WL 1298452, at *2 (E.D.N.Y. Mar. 21, 2019) (citations omitted).

Here, plaintiff U.S. Bank Trust, N.A. serves as trustee for the RMAC Trust, Series 2016-CTT. "Under New York law, a trust cannot sue or be sued, and suits must be brought by or against the trustee." *U.S. Bank Trust, N.A. v. 2150 Joshua's Path, LLC,* No. 13-CV-1598 (DLI) (SIL), 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (emphasis, internal quotation marks and citations omitted). "When a case involves assets that belong to a trust, the trustee is a real and substantial party if it has customary powers to hold, manage, and dispose of the trust's assets." *Wells Fargo Bank, N.A. v. Ullah,* No. 13-CV-485, 2014 WL 470883, at *3 (S.D.N.Y. Feb. 6, 2014). That is to say, where a trustee has legal title, manages the assets and control the litigation, the trustee's citizenship controls for diversity purposes. *Id.* In the instant matter, the complaint avers that:

> U.S. Bank National Association, not in its individual capacity, but solely as Trustee is empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2016-CTT, including this mortgage foreclosure action. U.S. Bank National Association, not in its individual capacity but solely as Trustee has legal title to and manages the assets of RMAC Trust, Series 2016-CTT, and controls the litigation on behalf of the RMAC Trust, Series 2016-CTT.

Compl. at ¶ 3. Hence, plaintiff's citizenship controls.

As a national banking association, the citizenship of plaintiff is determined by reference to 28 U.S.C. § 1348, which states that "national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1332. The Supreme Court has made clear that for purposes of diversity jurisdiction, a national bank is a citizen "in the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt,* 546 U.S. 303, 318 (2006); *see Melina,* 827 F.3d at 218 ("a national bank is a citizen only of the state listed in its articles of association as its main office"). "Thus, it is the law of this Circuit,

5

that [a] national bank is a citizen only of the state in which its main office is located and not the state in which its principal place of business is located, if that state differs from the location of its main office." *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Gross,* 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017) (internal quotation marks and citations omitted).

Here, the complaint attempts to establish plaintiff's citizenship by asserting that U.S. Bank Trust, N.A. is a "national banking association with its principal executive office at 300 East Delaware Avenue, 8th Floor, Wilmington DE 19809." Compl. ¶ 2. Because plaintiff is a national banking association, its citizenship is not determined by its principal executive office but rather by the location of its main office as designated in its articles of association. Notably, in Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1, plaintiff states that it "is a national association with its main office at 300 East Delaware Avenue, 8th Floor, Wilmington DE 19809," DE 40 at ¶ 1, but fails to specify that Delaware is the state listed as the location of its main office in its articles of association. While a technical point, plaintiff and its counsel, Gross Polowy, LLC, have come under criticism for such failure in the past. *See, e.g., U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Gebman,* No. 16-CV-7033 (CS), 2018 WL 3745672, at *2-3 (S.D.N.Y. Aug. 7, 2018) ("The Court echoes the words of caution by other courts in this circuit directed to Plaintiff and its counsel, Gross Polowy, LLC, concerning the impropriety of pursuing an action in federal court without taking care to properly assert subject matter jurisdiction. Plaintiff and its counsel should heed the courts' instruction and should not continue to replicate the same mistakes. In the future they should expect summary dismissal of complaints that do not allege the citizenship of a national banking association by reference to the location of its main office as set forth in its articles of association"); *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Licata,* No. 17-CV-6037 (MAT), 2017 WL 2671421, at *2

(W.D.N.Y. June 21, 2017) ("Plaintiff's attorneys have been warned that it is improper to pursue

an action in federal court without properly asserting subject matter jurisdiction. It nevertheless

filed the instant motion for default judgment without making any attempt to remedy the

deficiencies in its pleading. Under these circumstances, the Court finds that dismissal of the

complaint is appropriate"); *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v.*

*Monroe,* No. 15-CV-1480 (LEK), 2017 WL 923326, at *2 (W.D.N.Y. Mar. 8, 2017) ("In past

year, U.S. Bank's attorneys-Gross Polowy- have repeatedly failed to secure default judgments in

similar foreclosure cases before this Court. . . . The Court strongly cautions U.S. Bank (and its

attorneys, Gross Polowy) against continuing to claim federal jurisdiction in this or other lawsuits

if it either lacks an arguable basis for doing so or does not wish to invest the effort required to

makes its case. Underpinning the rules governing diversity jurisdiction is a desire for only

significant cases to be heard in federal court. If a case is significant enough to warrant a federal

forum, properly pleading and showing jurisdiction is a reasonable price of admission. If not, the

courts of New York are perfectly capable of handling a foreclosure action for nonpayment of a

mortgage").

Moreover, even assuming *arguendo* that plaintiff is a citizen of Delaware, complete

diversity does not exist among the adverse parties. *See Handelsman v. Bedford Vill. Assocs.,*

213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a

suit . . . be completely diverse with regard to citizenship."). While the complaint avers that

defendants Eugene McHugh and Tara J. McHugh are citizens of New York, *id.* at ¶¶ 4-5, the

complaint describes defendant Sterling Bancorp, as successor by merger to Astoria Federal

Savings & Loan Association, as a corporation formed under the laws of Delaware with its

principal place of business at 251 Little Falls Drive, Wilmington, DE 19808, *id.* at ¶ 6. For

purposes of diversity jurisdiction, "a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC,* 692 F.3d 42, 51 (2d Cir. 2012); *see* 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" – its "nerve center." *Hertz Corp. v. Friend,* 559 U.S. 77, 92-94 (2010).  A corporation's nerve center" is "a single place," and "in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.* at 93; *see OneWest Bank, N.A. v. Melina,* 827 F.3d 214, 218 (2d Cir. 2016) (per curiam).   In this case, defendant Sterling Bancorp is a citizen of the state of Delaware.   As such, complete diversity is defeated because both plaintiff and defendant Sterling Bankcorp are citizens of the State of Delaware.

Finally, plaintiff asserts no claims arising "under the Constitution, laws, or treaties of the United States" as required to invoke federal question jurisdiction.   Accordingly, because the Court lacks subject matter jurisdiction over this action, the undersigned respectfully recommends that plaintiff's complaint be dismissed.

### 2.  Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, courts should "'freely give leave' to replead 'when justice so requires.'" *Oliver Sch., Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991).  The Second Circuit will "generally afford an opportunity for amendment" of the pleadings "to cure defective jurisdictional allegations unless 'the record clearly indicates that the complaint could not be saved by any truthful amendment.'" *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 65 (2d Cir. 2009); *see also Oliver Sch.*, 930 F.2d

at 252-53 ("In dismissing a complaint for . . . failure to show jurisdiction, the court should heed the admonition of Rule 15 and allow amendment 'freely' if it appears at all possible that the plaintiff can correct the defect.'") (quotation omitted)).

To the extent the lack of subject matter jurisdiction may be cured by an amendment of the complaint, and in an abundance of caution, the undersigned respectfully recommends that plaintiff be given leave to amend the complaint.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the motion for default judgment and summary judgment be denied, the complaint be dismissed without prejudice, and plaintiff be given leave to amend the complaint to establish the existence of subject matter jurisdiction.

## OBJECTIONS

A copy of this Amended Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Meija v.*

*Roma Cleaning, Inc.,* No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff

has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v.*

*Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's

report operates as a waiver of any further judicial review of the magistrate's decision."); *cf.*

*Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require

district court review of a magistrate's factual or legal conclusions, under a *de novo* review or any

other standard, when neither party objects to those findings").  This is particularly true, where, as

here, a party has been "warned of the consequences of not objecting to the Magistrate's

findings."  *Meija*, 2018 WL 4847199, at *1.


Dated: Central Islip, New York
        August 29, 2019

/s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge
