UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE FOR THE
RMAC TRUST, SERIES 2016-CTT,

                         Plaintiff,

           -against-

EUGENE MCHUGH, TARA J.
MCHUGH, STERLING BANCORP, AS
SUCCESSOR TO ASTORIA FEDERAL
SAVINGS & LOAN ASSOCIATION,
CLERK OF THE SUFFOLK COUNTY
TRAFFIC & PARKING VIOLATIONS
AGENCY,

                        Defendants.
------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
CV 18-0710 (JS)(AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Before the Court, on referral from the Honorable Joanna Seybert for Report and

Recommendation, is the motion of Plaintiff U.S. Bank, N.A., as trustee for the RMAC Trust,

Series 2016-CTT ("Plaintiff"), for summary judgment and default judgment.  (Docket Entry

("DE") [63].)  By way of a Complaint filed on February 1, 2018, Plaintiff commenced this

foreclosure action against Defendants Eugene McHugh, Tara J. McHugh, Sterling Bancorp, as

successor to Astoria Federal Savings & Loan Association, and the Clerk of the Suffolk County

Traffic & Parking Violations Agency (collectively, "Defendants"), seeking to foreclose on a

mortgage encumbering the real property located at 28 Wavecrest Drive, Mastic Beach, New

York (the "Property").  (Compl., DE [1].)  On July 31, 2020, Plaintiff filed the within motion for

summary judgment and default judgment, (DE [63]), which Judge Seybert referred to this Court

for a recommendation as to whether the motion should be granted and, if so, to determine the

appropriate amount of damages, costs and fees, if any, to be awarded.  (Elec. Order of Seybert, J., dated August 3, 2020.)  For the following reasons, this Court respectfully recommends that Plaintiff's motion be granted and that Plaintiff be awarded damages as set forth herein.

<u>BACKGROUND</u>

This is a diversity action to foreclose a mortgage loan.  Plaintiff is a national banking association with its principal office, as set forth in its Articles of Association, located at 425 Walnut Street, Cincinnati, Ohio.  (Am. Compl., DE [48], ¶ 2.)  Defendants Eugene McHugh and Tara McHugh (the "McHughs") are citizens of New York.  (<u>Id.</u> ¶¶ 4-5.)  Defendant Sterling Bancorp, as successor by merger to Astoria Federal Savings & Loan Association, is a banking association formed under the laws of Delaware, with its principal place of business in Delaware, and is the holder of a lien encumbering the Property that is subject and subordinate to Plaintiff's mortgage.  (<u>Id.</u> ¶ 6.)  Defendant Clerk of the Suffolk County Traffic & Parking Violations Agency (the "Agency") is a government agency formed under the laws of New York, with its principal place of business located in New York, and is also the holder of a lien encumbering the Property that is subject and subordinate to Plaintiff's mortgage.  (<u>Id.</u> ¶ 7.)

On or about January 17, 2007, the McHughs executed and delivered a note (the "Note") to Somerset Investors Corp. in the principal amount of $247,000, secured by a mortgage (the "Mortgage") on the Property executed on the same date.  (Am. Compl. ¶¶ 11-12; Vargas Decl., DE [64-1], ¶ 2; Note, annexed to Am. Compl.)  The Mortgage was subsequently assigned to Plaintiff.  (Vargas Decl. ¶ 2.)  The McHughs thereafter defaulted on the Mortgage by failing to make the payment due on February 1, 2012 and all payments thereafter.  (Am. Compl. ¶ 14; Vargas Decl. ¶ 3.)

The terms of the Note and Mortgage required the McHughs to make monthly principal and interest payments in the amount of $1,841.57, beginning on March 1, 2007.  (Note at 1.)  If the McHughs failed to make any monthly payment in full, they would be in default.  (Id. at 2.)  If the McHughs did not cure the default after receiving proper notice, the Note and the Mortgage permitted Plaintiff to accelerate the loan and demand immediate payment in full of the outstanding principal and interest.  (Id.)  Failure to make immediate payment in full allows Plaintiff to commence legal action to extinguish Defendants' interest in the Property and to have the property sold.  (Mortgage ¶ 22, DE [65-14].)

Consistent with these terms, Plaintiff alleges that the McHughs failed to make the required monthly payments beginning with the February 1, 2012 payment.  (Am. Compl. ¶ 14; Vargas Decl. ¶ 2.)  Plaintiff complied with the notice requirements in the Mortgage and Section 1304 of the New York Real Property Actions and Proceedings Law ("RPAPL").  (Am. Compl. ¶ 17; Vargas Decl.  ¶ 2; Walthall Decl., DE [65-14], ¶¶ 5-7.)  The McHughs failed to cure their default.  (Vargas Decl. ¶ 2.)

Plaintiff thereafter commenced the within action against Defendants on February 1, 2018, seeking a judgment of foreclosure and sale of the Property.  On March 14, 2018, counsel for the Agency appeared in this action and filed a Demand for Surplus Funds.  (DE [11].)  While DefendantTara McHugh filed an Answer, through counsel, on May 18, 2018, (DE [20]), Defendants Eugene McHugh and Sterling Bancorp failed to answer or otherwise appear in this action and the Clerk of the Court entered a default against the non-appearing defendants.  (DE [21].)  On July 10, 2018, then-Magistrate Judge Brown, who was initially assigned to this action before being elevated to a District Judge, held an initial conference and it was agreed that any

surplus funds would go to the County of Suffolk in satisfaction of a debt.  (Minute Entry Order, dated July 10, 2018.)

On November 21, 2018, Plaintiff filed a motion for summary judgment against Defendant Tara McHugh, default judgment against the non-appearing defendants, and judgment of foreclosure and sale of the Property.  (DE [37].)  That motion was referred to then-Magistrate Judge Brown who, on August 29, 2019, recommended that the motion be denied and that the action be dismissed for lack of subject matter jurisdiction as a result of a failure of complete diversity among the parties.  (DE [45].)  Judge Seybert adopted Judge Brown's Report and Recommendation on September 17, 2019 and the action was dismissed, with leave to replead. (Order of Seybert, J., dated Sept. 17, 2019.)

On September 27, 2019, Plaintiff filed an Amended Complaint, which appears to cure the diversity issue raised by Judge Brown.  None of the Defendants herein answered or otherwise responded to the Amended Complaint and on January 6, 2020, the Clerk of the Court entered a default against all Defendants.[1]  (DE [54].)  On July 31, 2020, Plaintiff filed the within motion for summary judgment against the Agency, for default judgment against all other Defendants, and for a judgment of foreclosure and sale of the Property.  (DE [63].)  By its motion, Plaintiff seeks to recover a total of $450,759.84 in damages, which includes, after taking into account a credit to the borrowers of $13.67: (1) $212,097.55 in unpaid principal; (2) $116,639.19 in interest from January 1, 2012 to June 17, 2020, at a rate of 6.5%, as specified in the Note; (3) $38,787.53 in hazard insurance disbursements; (4) $69,450.59 in tax disbursements; (5)

---

[1] By letter dated January 6, 2020, Plaintiff's counsel requested that the Court vacate the default entered against the Agency on the basis that the Agency had appeared through counsel in the action.  (DE [55].)  That request was granted on January 29, 2020 and the default was vacated. (Order of Seybert, J., dated Jan. 29, 2020.)  However, it does not appear that the Agency ever responded to the Amended Complaint.  Nor have they filed any opposition to the within motion.

$10,626.21 in property inspections/preservation disbursements; and, (6) $3,172.344 in costs associated with this action. (Statement of Damages, (DE [65-15].) Plaintiff does not appear to be seeking attorney's fees. Plaintiff further seeks entry of a Judgment of Foreclosure and Sale and appointment of a referee to effectuate the sale of the Property, pursuant to the terms of a proposed form of judgment. (DE [63].)

## DISCUSSION

I.    Legal Standard – Default Judgment

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. See Fed. R. Civ. P. 55; Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d. Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. See id.

Where a default occurs, the well-pleaded factual allegations set forth in the Complaint are deemed to be true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, "[i]t is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." Allstate Ins. Co. v. Howell, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."

Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).  In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief."  Ferrara v. Tire Shop Ctr., No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015).  Accordingly, the district court must determine whether a plaintiff's allegations establish liability as a matter of law.  See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation omitted).

II.    Legal Standard – Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden is on the moving party to establish the lack of any factual issues.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The very language of this standard dictates that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  Rather, the requirement is that there be no "genuine issue of material fact."  Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts."  Id. at 586.  In addition, the party opposing the motion "may not rest upon the

mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

III.    Plaintiff is Entitled to a Default Judgment Against the McHughs and Sterling Bancorp

Pursuant to New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." OneWest Bank, N.A. v. Hawkins, No. 14-cv-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)). Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a prima facie entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. See BH99 Realty, LLC v. Li, No. 10-cv-693, 2011 WL 1841530, at *5 (E.D.N.Y. Mar. 6, 2011); see also U.S. v. Watts, No. 13-cv-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.").

Here, the allegations in the Complaint, as well as the documentary evidence submitted in support of Plaintiff's instant motion, establish that Plaintiff is entitled to a default judgment against the McHughs and Sterling Bancorp. Plaintiff has produced copies of the Mortgage and Note, thereby establishing the McHughs' obligations arising thereunder. Plaintiff has also established that the McHughs defaulted on February 1, 2012, failed to cure their default despite Plaintiff's proper demands for full payment of all outstanding principal and interest, and as of June 17, 2020, owed Plaintiff a total of $328,736.74 in outstanding principal and interest due on the Note. (Statement of Damages.) Because the McHughs and Sterling Bancorp failed to

answer the Amended Complaint or oppose the within motion, they have failed to rebut Plaintiff's prima facie showing that it is entitled to a default judgment.

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be granted.

IV.    Plaintiff is Entitled to Summary Judgment Against Clerk of Suffolk County Traffic & Parking Violations Agency

As stated above, the Clerk of the Suffolk County Traffic & Parking Violations Agency has not answered the Amended Complaint nor opposed the within motion for summary judgment and default judgment.  While it appears that Plaintiff initially sought a default against the Agency, and a default was entered, Plaintiff then requested that the default be withdrawn because the Agency had appeared through counsel in this action.  However, while the Agency appeared as to the original Complaint, it has not made any such appearance with respect to the Amended Complaint.  Accordingly, Plaintiff could have chosen to seek a default judgment against the Agency along with the other non-appearing Defendants.  Having elected not to do so, Plaintiff now seeks summary judgment against the Agency instead.

"[W]hen a party, whether pro se or counseled, fails to respond to an opponent's motion for summary judgment, a district court . . . must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment." Jackson v. Fed. Exp., 766 F.3d 189, 197 (2d Cir. 2014).  Here, Plaintiff has filed a statement of undisputed facts, as required by Local Civil Rule 56.1, (DE [65-1]), which has not been controverted in any way by the Agency.  The Court has examined Plaintiff's statement of undisputed facts, as well as the documents offered in support of the within motion, and concludes that, for the same reasons, Plaintiff is entitled to a default judgment against the McHughs and Sterling Bancorp, it is also entitled to summary judgment against the Agency.

8

Accordingly, this Court respectfully recommends that Plaintiff's motion for summary judgment also be granted.

V.    <u>Damages</u>

Once liability is established, the court must ascertain damages with "reasonable certainty." <u>Credit Lyonnais Sec. (USA) Inc. v. Alcantara</u>, 183 F.3d 151, 155) (2d Cir. 1999). "While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." <u>Greyhound</u>, 973 F.2d at 158 (citations omitted).  Rather, damages must be proven, usually "in an evidentiary hearing in which the defendant has an opportunity to contest the amount" claimed. <u>Id.</u>  An evidentiary hearing is not required, however, if there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. <u>See</u> <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d. Cir. 1997); <u>Action S.A. v. Marc Rich & Co.</u>, 951 F.2d 504, 508 (2d Cir. 1991).  Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981).

Plaintiff seeks a total of $450,759.84 in damages, which includes, after taking into account a credit to the borrowers of $13.67: (1) $212,097.55 in unpaid principal; (2) $116,639.19 in interest through June 17, 2020; (3) $38,787.53 in hazard insurance disbursements; (4) $69,450.59 in tax disbursements; (5) $10,626.21 in property inspections/preservation disbursements; and, (6) $3,172.44 in costs.  (Statement of Damages.)  Plaintiff also seeks entry of a Judgment of Foreclosure and Sale permitting Plaintiff to foreclose upon and sell the Property at auction.  (DE [163].)

A.     The Outstanding Amount Due Under the Note

Plaintiff seeks to recover a total of $447,587.40 for the outstanding amount due under the Note, which is comprised of: (1) $212,097.55 in unpaid principal; (2) $116,639.19 in interest, accrued at an annual rate of 6.5% from January 1, 2012 through June 17, 2020; and, (3) $118,864.33 in disbursements, minus a credit to the borrowers of $13.67.  (Statement of Damages.)

i.     Principal

Pursuant to the terms of the Note, the McHughs promised to pay Plaintiff a total of $247,000 in principal, plus interest.  (Note at 1.)  Plaintiff submitted documentation asserting that, at the time of the McHughs' default on February 1, 2012, the Note had an unpaid principal balance of $212,097.55.  (Am. Compl. ¶ 15; Walthall Aff. ¶ 8.)  Plaintiff's allegations and documentation further establish that after the McHughs' initial default, they did not make any further payments to reduce the outstanding principal balance.  (Am. Compl. ¶ 14; Walthall Decl. ¶ 4.)

Accordingly, this Court recommends that Plaintiff be awarded $212,097.55 in unpaid principal due and owing under the Note.

ii.     Interest

The Note further provides that, both before and after default, interest accrues on the outstanding principal balance at an interest rate of 6.5% per annum.  (Am. Compl. ¶ 15; Note at 1.)  Plaintiff's allegations establish that the McHughs' first missed payment occurred on February 1, 2012, which would have included interest accrued beginning on January 1, 2012.  (Am. Compl. ¶ 15; Walthall Decl. ¶ 8.)  Applying the Note's 6.5% interest rate to the

$212,097.55 in outstanding principal, interest accrues at rate of $37.77 per day.[2]  Plaintiff requests $116,639.19 in interest from January 1, 2012 through June 17, 2020.  As of the date of this Report and Recommendation, since June 17, 2020, the McHughs have failed to pay an additional 204 days' worth of accrued interest.

Accordingly, this Court recommends that Plaintiff be awarded the interest requested of $116,639.19 through June 17, 2020.  This Court further recommends that Plaintiff be awarded $7,690.80 in unpaid interest through the date of this Report and Recommendation, for a total interest award thus far of $124,329.99.  In addition, this Court recommends that Plaintiff be awarded $37.77 in per diem interest until the date on which judgment is entered.  See Eastern Sav. Bank, FSB v. McLaughlin, No. 13-cv-1108, 2015 WL 5657355, at *55 (E.D.N.Y. Aug. 17, 2015) (recommending award of per diem interest in action for judgment of foreclosure and sale).

Additionally, this Court recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered.  See 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); see also Schipani v.McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); Builders Bank v. Northern Funding, LLC, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

---

[2] The daily rate is calculated by multiplying the unpaid principal balance by the annual interest rate divided by 365 days.

B.   Other Costs

Plaintiff also seeks a total of $118,864.33 in other costs, which include: (1) $38,787.53 in hazard insurance disbursements; (2) $69,450.59 in tax disbursements; and (3) $10,626.21 in property inspections/preservation disbursements.  (Walthall Decl. ¶ 8.)  Plaintiff has submitted a full transaction history of the McHugh's mortgage account, showing periodic disbursements for the costs listed above. Therefore, Plaintiff has demonstrated a "reasonable inference" evidencing the requested amounts.  See Au Bon Pain Corp., 653 F.2d at 65.

Accordingly, this Court recommends that Plaintiff's request for damages relating to hazard insurance disbursements, tax disbursements and property inspections/preservation be granted in the amount of $118,850.66, after taking into account a credit to the borrowers of $13.67.

VI.   Costs

As stated above, Plaintiff does not appear to be seeking to recover attorney's fees, but rather, only the costs and disbursements associated with this action, totaling $3,172.44. (Statement of Damages.)  These costs are comprised of: (1) the court filing fee of $400.00; (2) $527.44 for searches; (3) $1,805.00 for service of process; and, (4) $440.00 in fees for filing the Notice of Pendency.

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable.  See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).  The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested."  Ganci v. U.S. Limousine Serv. Ltd., No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting Pennacchio v. Powers, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Here, Plaintiff has submitted sufficient invoices, receipts, and other documentary proof of the costs and disbursements it seeks to recover. The Court finds the costs incurred by Plaintiff to be reasonable. Accordingly, this Court respectfully recommends that Plaintiff's request for costs and disbursements be granted in the amount sought of $3,172.44

V.    Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff further seeks a judgment of foreclosure and sale and appointment of a referee. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." OneWest Bank N.A. v. Cole, No. 14-cv-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17, 2015) (authorizing foreclosure and sale of property upon entry of default judgment). Further, courts routinely appoint referees to effectuate the sale of foreclosed properties." See, e.g., PMP Tech. Servs., LLC v. Mazoureix, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); Eastern Sav. Bank v. Evancie, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014) (same).

Having determined that Plaintiff has established its presumptive right to foreclose upon the Property due to Defendants' default, this Court recommends appointing a referee to effectuate the foreclosure and sale of the Property. This Court further recommends that the proceeds of the sale be applied to the total amount owed on the Note as set forth above. See OneWest Bank, N.A. v. Denham, No. cv 14-5529, 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) (recommending that the relevant property be foreclosed upon and sold with the proceeds being applied to the outstanding amount owed on the note).

<u>RECOMMENDATION</u>

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment and summary judgment be granted and that Plaintiff be awarded damages as follows: (1) $212,097.55 in unpaid principal under the Note; (2) $124,329.99 in interest accrued through the date of this Report and Recommendation, with additional per diem interest to be calculated at a rate of $37.77 per day through the date that judgment is entered; (3) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961(a); and, (4) $118,850.66 in hazard insurance, tax and property inspections/preservation disbursements.  The Court further recommends that Plaintiff be awarded $3,712.44 in costs and disbursements.  Finally, the Court recommends that an Order similar to Plaintiff's proposed Judgement of Foreclosure and Sale, but consistent with the instant Report and Recommendation, be entered and that a referee be appointed to effectuate the sale of the Property.

<u>OBJECTIONS</u>

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by January 11, 2021.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  <u>Thomas v.</u>

Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated:  Central Islip, New York
        January 7, 2021

                                       /s/ Anne Y. Shields
                                       ANNE Y. SHIELDS
                                       United States Magistrate Judge